UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,
o.b.o. S.K.W.,

   Plaintiff,            Hon. Robert J. Jonker

v.                  Case No. 1:16-cv-1175

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

   This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim that his daughter is entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded for further administrative action**.

## STANDARD OF REVIEW

   The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff's daughter (S.K.W.) was born on October 10, 2003. (PageID.162). On September 27, 2013, Plaintiff submitted an application for disability benefits, asserting that his daughter has been disabled since September 1, 2010, due to a learning disability and memory loss. (PageID.162-67, 251). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.101-59). On May 14, 2015, ALJ Christopher Helms conducted an administrative hearing at which Plaintiff and S.K.W. testified. (PageID.69-99). In a written decision dated August 12, 2015, the ALJ determined that S.K.W. was not disabled. (PageID.55-65). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (PageID.43-47). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g).

ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether

the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that S.K.W. was not engaged in substantial gainful activity, the ALJ proceeded to the second step of the analysis, finding that S.K.W. suffered from a learning disorder which constituted a severe impairment. (PageID.58). At the third step of the analysis, the ALJ concluded that S.K.W.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.58). The ALJ further determined that S.K.W.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (PageID.59-65).

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b). To be considered disabled the child's impairments must result in "marked" limitations[1] in two domains of functioning or an

---

[1] A "marked" limitation is defined as one which "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).

"extreme" limitation[2] in one domain.  20 C.F.R. § 416.926a(a).  The six domains of functioning are:

>   (i)    acquiring and using information,
>
>   (ii)   attending and completing tasks,
>
>   (iii)  interacting and relating with others,
>
>   (iv)   moving about and manipulating objects,
>
>   (v)    caring for yourself, and
>
>   (vi)   health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that S.K.W. experienced less than marked limitation in domains (i)-(iii) and no limitation in domains (iv)-(vi).  (PageID.59-65).  Accordingly, the ALJ determined that S.K.W. was not disabled.

> I.    Section 112.05 of the Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled.  The burden rests with Plaintiff to establish that S.K.W. satisfies the requirements of a listed impairment.  *See, e.g., Zeiger v. Colvin*, 2014 WL 4421395 at *11 (N.D. Ohio, Sept. 8, 2014) (citations omitted).

Section 112.05 of the Listing concerns Mental Retardation in children under the age of 18.  To be found disabled pursuant to Section 112.05 a claimant must suffer from "significantly subaverage general intellectual functioning with deficits in adaptive functioning." 20 C.F.R., Part 404, Subpart P, Appendix 1, Section 112.05.  Pursuant to Section 112.05, a child

---

[2] An "extreme" limitation is defined as one which "interferes very seriously with your ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3).

is considered disabled if one of several criteria are satisfied, one of which is that the child possesses "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional significant limitation of function."   20 C.F.R., Part 404, Subpart P, Appendix 1, Section 112.05.

Plaintiff argues that he is entitled to relief because the ALJ failed in his decision to discuss Listing 112.05.   Plaintiff argues this is error because S.K.W. "has a qualifying [full-scale IQ] score of 70" as well as "several physical impairments that impose additional significant functional limitations."   Specifically, Plaintiff cites to his daughter's performance on the Wechsler Intelligence Scales for Children-IV (WISC-IV).  (PageID.203).   Plaintiff, however, has misinterpreted the results in question.

The results to which Plaintiff cites reveal that S.K.W. earned a *composite* IQ score of 78 and a *scaled* IQ score of 70.   (PageID.203).   Scaled IQ scores, however, do not satisfy the Listing's requirements and, therefore, cannot establish the requirements of this Listing.   *See, e.g., Green ex rel. K.C.G. v. Astrue*, 2011 WL 1440363 at *4 (M.D. La., Feb. 15, 2011) (recognizing that with respect to the WISC-IV assessment, the Listings require the use of the composite IQ scores, not the scaled IQ scores); *Kipp v. Commissioner of Social Security*, 2014 WL 4960833 at *6 (E.D. Cal., Oct. 1, 2014) (recognizing the distinction between composite and scaled IQ scores); *Hayden v. Colvin*, 2015 WL 390132 at *3 n.2 (W.D. Ark., January 28, 2015) (same); *Coleman v. Commissioner of Social Security*, 2016 WL 4212102 at *4 (D.N.J., Aug. 9, 2016) (same).

The burden rests with Plaintiff to demonstrate that his daughter satisfies the requirements of a listed impairment.   Because Plaintiff has not met his burden, this argument is rejected.

II. The ALJ's Assessment of S.K.W.'s Functioning

As noted above, to determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must assess the child's functioning in the following domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. The regulations articulate "age group descriptors" which attempt to identify the skills and proficiencies which children should attain by certain ages. The ALJ assessed S.K.W.'s claim pursuant to the "school-age" group applicable to children from age 6 to attainment of age 12.

To be considered disabled, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The ALJ found that S.K.W. experienced less than marked limitation in domains (1)-(3) above and no limitation in domains (4)-(6) above. Plaintiff argues that he is entitled to relief because the ALJ's assessment with respect to domains (1)-(3) and (5) are not supported by substantial evidence.

A. Acquiring and Using Information

The domain of acquiring and using information refers to how well the child acquires or learns information and how well the child uses the information she has learned. 20 C.F.R. § 416.926a(g). With respect the skills a child should possess in this particular domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). When you are old enough to go to elementary and middle school, you should be able to learn to read, write, and do math, and discuss history and science. You will need to use these skills in academic situations to demonstrate what you have learned; e.g., by reading about various subjects and producing oral and written projects, solving

7

>mathematical problems, taking achievement tests, doing group work, and entering into class discussions. You will also need to use these skills in daily living situations at home and in the community (e.g., reading street signs, telling time, and making change). You should be able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing your own ideas, and by understanding and responding to the opinions of others.

20 C.F.R. §§ 416.926a(g)(2)(iv).

Examples of limited functioning in this particular domain include: (1) lack of understanding of words about space, size, or time; (2) inability to rhyme words or the sounds in words; (3) difficulty recalling important things learned the previous day; (4) difficulty solving mathematics questions or computing arithmetic answers; (5) speaking in short, simple sentences and experiencing difficulty explaining what you mean. 20 C.F.R. §§ 416.926a(g)(3).

The ALJ determined that S.K.W. possesses less than marked limitation in this domain. In support of this conclusion, the ALJ stated:

>She receives special education services in all subjects. School records indicate the claimant's deficits make it difficult for her to complete any task in the general curriculum at her grade level involving sound blending and decoding of words, impact her ability to understand (comprehend) written text at grade level, and impact her ability to perform written expression assignments (Exhibit 12E). The claimant's father reports she wants to learn, but she has a difficult time comprehending (testimony). Her father also indicates the claimant struggles with reading and writing, but she gets good grades in math (Exhibit 6E and testimony). The claimant testified that she likes math and gets good grades in that subject, and she also kind of likes to read.

(PageID.61).

First, the description by the ALJ of S.K.W.'s difficulties appears to constitute the type of "serious interference" contemplated by the definition of a marked limitation. More

importantly, however, the ALJ's description understates the nature and extent of S.K.W.'s difficulties in this area.

S.K.W.'s verbal abilities have consistently been assessed as lagging well behind her peers. (PageID.179, 187, 192, 290-91). For example, it has been reported that S.K.W. mispronounces sounds and speaks in a manner which is "hard for others to understand." (PageID.187). It was further noted that S.K.W.'s ability to answer questions using appropriate grammar and sentence structure "is behind her peers." (PageID.187). Evaluation of S.K.W.'s language arts abilities, revealed that she received grades of "F," and was noted to be "non-proficient," in every area. (PageID.192). Professional testing revealed that S.K.W.'s reading skills "range from the 1st to 5th percentile" which correlates to "the cognitive impaired range." (PageID.196). S.K.W.'s performance in math was only marginally better. In several areas of math, S.K.W. received grades of "C" and "D" and was considered to be "non-proficient." (PageID.192). Professional testing revealed "a higher performance [compared to reading] with percentile scores falling between 4 and 40." (PageID.197). In sum, the conclusion that S.K.W. experiences less than marked limitations in this domain of functioning is not supported by substantial evidence.

B.    Attending and Completing Tasks

The domain of attending and completing tasks refers to "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h). With respect to the skills a child should possess in this particular domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). When you are of school age, you should be able to focus your attention in a

> variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. §§ 416.926a(h)(2)(iv).

Examples of limited functioning in this particular domain include: (1) being easily startled, distracted, or overreactive to sounds, sights, movements, or touch; (2) difficulty focusing on or failing to complete activities of interest; (3) repeatedly becoming sidetracked from activities or frequently interrupting others; (4) becoming easily frustrated and giving up on tasks; and (5) requiring extra supervision to remain engaged in an activity.    20 C.F.R. §§ 416.926a(h)(3).

The ALJ determined that S.K.W. possesses less than marked limitation in this domain. In support of this conclusion, the ALJ stated:

> Her father indicates that, although she has to be told several times, the claimant can help with chores such as cleaning up (Exhibit 6E and testimony). The claimant's father also reports she forgets easily, he struggles keeping her attention, and her teachers have to re-direct her to work (Exhibit 6E and testimony). However, her father indicates the claimant can use a computer to read books and have books read to her (testimony).

(PageID.61-62).

The ALJ has understated S.K.W.'s difficulties in this area. While the ALJ suggested that S.K.W. experiences minor struggles remembering things and staying focused, Plaintiff testified that his daughter's limitations are much more significant. Plaintiff testified that

if he asks his daughter to retrieve something, she either forgets her instructions and returns with an incorrect item or has to be re-instructed because she was not sufficiently concentrating. (PageID.82-83).  Plaintiff further testified if he instructs S.K.W. to perform simple chores around the house, he has to "tell her three or four time[s]" to complete the task.  (PageID.86-87, 90-91, 96).  Plaintiff reported that S.K.W.'s teachers have reported that S.K.W. often experiences difficulty staying focused on her studies during the school day.  (PageID.88-91, 93-94).  Plaintiff also reported that S.K.W. experiences difficulty remaining focused when doing homework. (PageID.95-96).  Plaintiff testified that S.K.W.'s teachers have informed him that S.K.W. "forget[s] a lot of stuff."  (PageID.83).  S.K.W. testified that she has gotten into numerous fights while at school.  (PageID.79-80).  This testimony is consistent with the activities report that Plaintiff completed on October 7, 2013.  (PageID.236-39).  This testimony is likewise not inconsistent with the meager evidence regarding S.K.W.'s academic performance.  In sum, the conclusion that S.K.W. experiences less than marked limitations in this domain of functioning is not supported by substantial evidence.

        C.      Interacting and Relating with Others

The domain of interacting and relating with others refers to how well the child initiates and sustains emotional connections with others, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others.  20 C.F.R. § 416.926a(i).  With respect to the skills a child should possess in this particular domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12).  When you enter school you should be able to develop more lasting friendships with children who are your age.  You should begin to understand how to work in groups to create projects and solve problems.  You should have an increasing ability to understand another's point of view and to tolerate differences.  You should be well able to talk to

> people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

20 C.F.R. §§ 416.926a(i)(2)(iv).

Examples of limited functioning in this particular domain include: (1) not reaching out to be picked up by a caregiver; (2) having no close friends or no friends of the same age; (3) avoiding or withdrawing from people you know, or being overly anxious or fearful of meeting new people or trying new experiences; (4) experiencing difficulty playing games or sports with rules; (5) experiencing difficulty communicating with others (e.g., using verbal and nonverbal skills to express yourself, carry on a conversation, or ask others for assistance; and (6) experiencing difficulty speaking intelligibly or with adequate fluency.  20 C.F.R. §§ 416.926a(i)(3).

The ALJ concluded that S.K.W. experiences less than marked limitations in this domain of functioning.  In support of this conclusion, the ALJ stated:

> Her father indicates that, although there is some fighting, the claimant generally gets along with her friends (Exhibit 6E and testimony).  The claimant's father also reports she sometimes talks back teachers (Exhibit 6E and testimony).  It appears the claimant has also gotten into a couple of fights at school (testimony).  However, her father indicates the claimant gets along okay with adults (Exhibit 6E).  The claimant's father also testified she gets along with her siblings.  The claimant testified that she gets along with her teachers and siblings and has some friends in school.  Further, school records indicate the claimant is a pleasant student, helpful in class, and always willing to help teachers or other students (Exhibit 12E).

(PageID.62).

The ALJ's assessment of the evidence relevant to this domain is accurate and consistent with the record as a whole. Moreover, this evidence constitutes substantial support for the ALJ's conclusion. Accordingly, this argument is rejected.

    D.    Caring for Yourself

The domain of caring for yourself considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). Regarding this domain, the regulations provide:

> (iv) School-age children (age 6 to attainment of age 12). You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify those circumstances when you feel good about yourself and when you feel bad. You should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior. You should begin to demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you. You should begin to imitate more of the behavior of adults you know.

20 C.F.R. §§ 416.926a(k)(2)(iv).

Examples of limited functioning in this particular domain include: (1) continuing to place non-nutritive or inedible objects in your mouth; (2) often using self-soothing activities showing developmental regression (e.g., thumbsucking, re-chewing food), or exhibiting restrictive or stereotyped mannerisms (e.g., body rocking or headbanging); (3) not dressing or bathing yourself appropriately for your age due to an impairment that affects this domain; (4) engaging in self-injurious behavior (e.g., suicidal thoughts or actions, self-inflicted injury, or refusal to take

13

medication), or you ignore safety rules; (5) not spontaneously pursuing enjoyable activities or interests; and (6) experiencing disturbances in eating or sleeping patterns. 20 C.F.R. §§ 416.926a(k)(3).

The ALJ concluded that S.K.W. experiences no limitation in this domain of functioning. In support of this conclusion, the ALJ stated:

> Her father indicates the claimant is able to care for her personal needs and has no problems playing (Exhibit 6E and testimony). Further, the claimant testified she listens to her parents.

(PageID.63-64).

The ALJ's assessment of the evidence relevant to this domain is accurate and consistent with the record as a whole. Moreover, this evidence constitutes substantial support for the ALJ's conclusion. Accordingly, this argument is rejected.

III.    Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, S.K.W. can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. This is underscored by the fact that the administrative record contains so little relevant information about

S.K.W.'s functioning and academic performance and abilities.  The undersigned recommends, therefore, that the Commissioner's decision be reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded to for further administrative action**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: March 12, 2018                     /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          U.S. Magistrate Judge