UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,
o.b.o. S.K.W.,

    Plaintiff,

CASE NO. 1:16-CV-1175

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Carmody's Report and Recommendation in this matter (ECF No. 12) and the Commissioner's Objection to it. (ECF No. 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends vacating the Commissioner's decision and remanding the matter because the ALJ's decision that S.K.W. experienced less than marked limitations with respect to the domains of acquiring and using information, and attending and completing tasks, is not supported by substantial evidence. The Commissioner objects to the Magistrate Judge's recommendation with respect to both domains, and insists that the ALJ's decision as to these domains is supported by substantial evidence. After its review, the Court finds that Magistrate Judge Carmody's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

## THE COMMISSIONERS' OBJECTION

### A. Acquiring and Using Information

As the Magistrate Judge described, the domain of acquiring and using information refers to how well a child acquires or learns information. Examples of limitation in this domain include:

> (i) You do not demonstrate understanding of words about space, size, or time; e.g., in/under, big/little, morning/night.
>
> (ii) You cannot rhyme words or the sounds in words.
>
> (iii) You have difficulty recalling important things you learned in school yesterday.
>
> (iv) You have difficulty solving mathematics questions or computing arithmetic answers.
>
> (v) You talk only in short, simple sentences and have difficulty explaining what you mean.

20 C.F.R. § 416.926(a)(g)(2)(iv). The ALJ found S.K.W. experienced less than marked limitations in this domain:

> She receives special education services in all subjects. School records indicate the claimant's deficits make it difficult for her to complete any task in the general curriculum at her grade level

> involving sound blending and decoding of words, impact her ability to understand (comprehend) written text at grade level, and impact her ability to perform written expression assignments (Exhibit 12E). The claimant's father reports she wants to learn, but she has a difficult time comprehending (testimony). Her father also indicates the claimant struggles with reading and writing, but she gets good grades in math (Exhibit 6E and testimony). The claimant testified she likes math and gets good grades in that subject, and she also kind of likes to read.

(ECF No. 6-2, PageID.61). The Magistrate Judge concluded the ALJ's decision understated the nature and extent of S.K.W.'s difficulties in this domain. The Court agrees.

The Commissioner argues the exhibits referenced by the Magistrate Judge do not indicate the ALJ's decision is not supported by substantial evidence. For example the Commissioner argues that the test results the Magistrate Judge cited were also considered by the agency consultant and, having reviewed those test results, the consultant nonetheless opined that S.K.W. had less than marked limitations in acquiring and using information. The Commissioner further argues another exhibit discussed by the Magistrate Judge is of little use because it is dated two years before the alleged onset date in this case.

The Commissioner's objection will be overruled. First of all, the ALJ gave only "some weight" to the consultant's opinion because the record as a whole indicated S.K.W. was experiencing greater limitations. (ECF No. 6-2, PageID.65). But even if the ALJ was crediting the consultant's opinion for this domain, the ALJ gave no indication he was doing so or his reasons for doing so. An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). Second, while it is true that the focus is whether a claimant is disabled as of the claimed onset date, the Commissioner cites to no authority that prohibits a court from considering earlier records. To the contrary courts as well as ALJs routinely reference exhibits dated well before

alleged onset dates. Such records are especially relevant where, as here, there appears to be little by way of intervening data.

Accordingly, the Court agrees with the Magistrate Judge that the ALJ's decision with respect to the domain of acquiring and using information is not supported by substantial evidence.

**B.     Attending and Completing Tasks**

This domain refers to how well a child is able to focus and maintain attention, as well as how well the child begins, carries through, and finishes activities. Examples of limitations include:

> (i)    You are easily startled, distracted, or overreactive to sounds, sights, movements, or touch.
>
> (ii)   You are slow to focus on, or fail to complete activities of interest to you, e.g., games or art projects.
>
> (iii)  You repeatedly become sidetracked from your activities or you frequently interrupt others.
>
> (iv)   You are easily frustrated and give up on tasks, including ones you are capable of completing.
>
> (v)    You require extra supervision to keep you engaged in an activity.

20 C.F.R. § 416.926a(h)(2)(iv). The ALJ found S.K.W. experienced less than marked limitations in this domain:

> [Plaintiff] indicates that, although she has to be told several times, [S.K.W.] can help with chores such as cleaning up (Exhibit 6E and testimony). [Plaintiff] also reports [S.K.W.] forgets easily, [s]he struggles keeping her attention, and her teachers have to redirect her to work (Exhibit 6E and testimony). However, [the Plaintiff] indicates [S.K.W.] can use a computer to read books and have books read to her.

(ECF No. 6-2, PageID.61-62). The Magistrate Judge found the ALJ had also understated S.K.W.'s difficulties in this domain. The Court agrees with this assessment as well.

4

As the Magistrate Judge observed, Plaintiff testified that S.K.W.'s limitations were greater than as summarized by the ALJ. The Magistrate Judge referenced, for example, Plaintiff's testimony that S.K.W. would forget his instructions, that he would need to repeat instructions to S.K.W. several times for simple chores, and that S.K.W.'s teachers have told him that S.K.W. has difficulty staying focused and forgets a lot of things. (ECF No. 12, PageID.385-386). The Commissioner objects that Plaintiff's statements cannot be used to undermine the ALJ's analysis because the ALJ found them not to be credible. The Commissioner overlooks the fact that Plaintiff's statements were the only justification offered for the ALJ's conclusion with respect to this domain. The ALJ did not explain how the testimony could not be credible, yet at the same time be the sole basis for finding S.K.W. experienced less than marked limitations in this domain.

Accordingly, the Court agrees with the Magistrate Judge that the ALJ's decision with respect to the domain of attending and completing tasks is not supported by substantial evidence.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **VACATED** and the matter **REMANDED** for further factual findings.


Dated:     March 21, 2018              /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          CHIEF UNITED STATES DISTRICT JUDGE